**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph T. Melczer III, | No. CV07-2560-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Unum Life Insurance Company of America; Long-Term Disability Plan of Snell & Wilmer, L.L.P., | |
| Defendants. | |

Currently pending before the Court is Plaintiff's Motion in Limine Regarding Defendants' Use of Untimely Disclosed Documents (Dkt.#52) and Defendants' Motion in Limine Regarding Plaintiff's Use of Evidence (Dkt.#62). Having considered these motions, as well as the accompanying papers, the Court issues the following Order.

**I.     Plaintiff's Motion in Limine Regarding the Snell & Wilmer Documents**

Plaintiff seeks to exclude a set of documents that is comprised of approximately 526 pages that Unum obtained from Snell & Wilmer in late May 2008 (the "Snell & Wilmer documents"), arguing that the documents were untimely disclosed.

Defendants contend that the Snell & Wilmer documents were not untimely disclosed, relying on their oral disclosure of a description of the documents to Plaintiff's counsel prior to the close of discovery in October 2008. Alternatively, Defendants argue that even if

disclosure was untimely, their "technical violation was justified and harmless."  (Dkt.#62 at 10)

Rule 26(a)(1)(A)(ii) places an affirmative duty on litigants to provide "a copy–or a description of category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." These disclosures must be "in writing, signed, and served" unless the Court orders otherwise. Fed. R. Civ. P. 26(a)(4) ("Unless the court orders otherwise, all disclosures under Rule 26(a) must be in writing, signed, and served."). Rule 26(g)(1) further emphasizes that "every disclosure" under Rule 26(a)(1) "must be signed by at least one attorney of record in the attorney's own name – or by the party personally if unrepresented – and must state the signer's address, email address, and telephone number."

Untimely disclosed evidence is automatically excluded unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.").

Thus, the Court's inquiry is simple: Did the Defendants disclose, in writing, the Snell & Wilmer documents in a timely manner? The answer to this question appears to be no.

**A.     Untimely Disclosure**

Defendants admit that they received the Snell & Wilmer documents in late May 2008. (Dkt.#62 at 4). Defendants contend that oral disclosure is sufficient to satisfy their obligations under Rule 26 and claim that they orally disclosed the documents by discussing them with Lisa Counters (Plaintiff's original counsel) during the summer of 2008 and Stephen Montoya (Plaintiff's current counsel) in October 2008. However, oral disclosure is insufficient; Rule 26(a)(4) and (g)(1) require that disclosure be in writing. Since Defendants do not argue that they ever provided a copy of the documents or a written

description of these documents to either counsel prior to 2009, the substance of their oral discussions with Ms. Counters and Mr. Montoya is irrelevant.

Discovery closed on October 31, 2008. It is undisputed that although Defendants had copies of the Snell & Wilmer documents and were aware of their relevance at this time, they provided neither the documents themselves nor a written description of the documents to Plaintiffs.

In fact, it was not until a settlement conference in January 2009 that Defendants first requested that Plaintiff agree to a stipulation for a protective order regarding the documents. (Dkt.#62 at 7) Plaintiff refused to sign the protective order, pointing out that the documents should have been disclosed by the discovery deadline nearly three months earlier. (Dkt.#63 at 7) Defendants eventually produced the documents without a protective order on February 24, 2009.

Because Defendants provided neither a copy of the Snell Wilmer documents nor a written description of the Snell & Wilmer documents to Plaintiff until several months after the discovery deadline had passed, their disclosure was untimely. As explained above, under Rule 37(c)(1), untimely disclosed evidence is automatically excluded from evidence at trial unless the delay in production was substantially justified or harmless. As such, the Snell & Wilmer documents are excluded from evidence at trial unless Defendants can prove that their untimely disclosure was either substantially justified or harmless. The burden of proving that a delay was substantially justified or harmless rests with the party making the late disclosure, in this case, Defendants. <u>Yeti by Molly Ltd. v. Deckers Outdoor Corp.</u>, 259 F.3d 1101, 1107 (9th Cir. 2001) ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness.").

**B.     Substantial Justification or Harmlessness**

As alluded to above, Defendants attempt to excuse their untimely disclosure based on Plaintiff's refusal to sign the stipulation for entry of a protective order. Defendants actually assert that "[a]ny delay in production was because Plaintiff's counsel delayed in signing the stipulation for entry of a protective order (and only refused to do so for the first time on

- 3 -

January 19, 2009)." (Dkt.#62 at 8) However, given that Defendants did not request Plaintiff to sign any such stipulation until January, it is logical that Plaintiff's refusal to sign the stipulation also occurred "for the first time" in January. Moreover, the fact that Defendants ultimately agreed to produce the documents without a protective order weakens their argument that the delay was caused by Plaintiff's refusal to sign. Defendants obtained the documents in May 2008. They were required to disclose the documents in writing (or provide a detailed description of the documents in writing) by October 31, 2008 (the close of discovery). Blaming their delay on Plaintiff's refusal to sign the stipulation fails for the simple reason that they did not ask Plaintiff to sign the stipulation until the disclosure was already nearly three months late.

Moreover, the case Defendants cite to support their position, Solis-Alarcon v. United States, 514 F. Supp. 2d 185 (D.P.R. 2007), actually undermines it. In Solis-Alarcon, the court held that where documents had been disclosed but not produced, they would not be excluded by Rule 37(c)(1). The court also explained that other documents that were not timely disclosed are automatically excluded from evidence by Rule 37(c)(1). Id. at 191-192. The Solis court never addressed whether oral disclosure is sufficient to comply with the written disclosure requirement. Having determined that oral disclosure is insufficient, the Court believes that the untimely disclosed Snell & Wilmer documents more closely resemble the untimely disclosed documents in Solis that were automatically excluded.

Moreover, Defendants attempt to distinguish Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101 (9th Cir. 2001), by explaining that Yeti applied to the requirement to produce expert written reports, Rule 26(a)(2) instead of Rule 26(a)(1). However, Rule 37(c)(1) makes no such distinction and provides generally that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information . . . ." The Yeti court explained that "Rule 37(c)(1) gives teeth to these requirements [the Rule 26 disclosure obligations] by forbidding the use at trial of any information required to be disclosed by *Rule 26(a)* that is not properly disclosed." *Id.* at

1106 (emphasis added). As such, Rule 37(c)(1) applies to all subsections of Rule 26(a) violations.

Attempting to mitigate their untimely disclosure, Defendants claim that they did not withhold the Snell & Wilmer documents "as a trial-strategy ploy or even through plain inadvertence," that Plaintiff has now had the documents in his possession for four months, and that they offered to allow Plaintiff to conduct discovery related to the documents. However, such claims do not meet their burden of proving substantial justification or harmlessness. Defendants have not provided any satisfactory explanation for their failure to produce the Snell & Wilmer documents (or at least a written description of the Snell & Wilmer documents) before the discovery deadline. Defendants admit that they had possession of the documents by the end of May 2008, yet they did not produce them until February 2009, nearly 10 months later. Even assuming that Plaintiff's refusal to sign the stipulation accounted for the one-month delay between January and February, Defendants have provided no explanation whatsoever for the three-month delay between the end of October and January, let alone the five-month delay between May and October. Thus, the lack of disclosure does not appear to be substantially justified.

Neither does the untimely disclosure appear to be harmless. Plaintiff states that if the documents had been timely disclosed, he would have undertaken extensive discovery relating to the documents, including a request for Unum to produce all internal memoranda regarding the meaning, scope, and application of the "mental illness" limitation in the policy. (Dkt.#63 at 8) He also would have sought discovery regarding any internal documents at Unum regarding whether bipolar disorder is an "organic" or "inorganic" disease. (Dkt.#63 at 8) He would have further sought discovery regarding Unum's internal policies and procedures regarding the analysis of claims involving individuals suffering from more than one disabling condition. (Dkt.#63 at 9) He would also have sought to take the depositions of at least three of the various authors of the Snell & Wilmer documents.

Although it would theoretically be possible for the Court to reopen discovery for these matters, doing so would lead to increased costs and delay to Mr. Melczer as well as a

substantial delay and inconvenience for the Court. While Plaintiff theoretically could have taken Defendants up on their offer to undertake additional discovery in the intervening months between February and the present, Plaintiff was entitled to assume that Rule 37(c)(1) means what it says and that the untimely disclosed documents would be excluded from evidence at trial. At this point, with proposed findings of fact and conclusions of law due in less than a month, and the bench trial to occur on September 24, 2009, reopening discovery would completely derail the trial schedule. See, e.g., Wong v. Regents of University of California, 410 F.3d 1052, 1062 (9th Cir. 2005) (explaining that the disruption to the schedule of the court and other parties justifies the exclusion of untimely disclosed trial evidence).

Because the untimely disclosure of the Snell & Wilmer documents was not substantially justified nor harmless, Plaintiff's Motion in Limine Regarding Defendants' Use of Untimely Disclosed Documents (Dkt.#52) is granted.

**II.     Defendants' Motion in Limine Regarding Plaintiff's Use of Evidence.**

Defendants argue that Plaintiff should be precluded from presenting any evidence at trial because it failed to make any disclosures. (Dkt. #62 at 11) This argument fails for several reasons. First, Plaintiffs are relying solely on documents that were part of the administrative record and that were identified in Defendants' Initial Disclosure Statement. The purpose of disclosures is to prevent unnecessary surprise and to streamline litigation. If Defendants were already aware of all of the documents, which they undoubtedly were, since they were the ones to originally disclose them, any failure by Plaintiff to "re-disclose" the documents back to Defendants would be harmless.

Moreover, Rule 26(a)(1)(B) provides that "an action for review on an administrative record" is "exempt" from the disclosure requirements of Rule 23(a). Based on Defendants' own admissions, this case is one based on the administrative record. (Dkt.#63 Exh. A) Attempting to avoid these admissions, Defendants argue that the Court's Scheduling Order, which ordered the parties to exchange disclosure statements, means that Plaintiff was required to file a disclosure statement regardless of Rule 26(a)(1)(B). Even if this were theoretically correct, the Court refuses to impose the drastic sanction requested by

Defendants and preclude Plaintiffs from presenting any evidence at trial based on a mere technicality.

For these reasons, Defendants Motion in Limine Regarding Plaintiff's Use of Evidence (Dkt.# 62) is denied.

**Accordingly,**

**IT IS HEREBY ORDERED** granting Plaintiff's Motion in Limine Regarding Defendants' Use of Untimely Disclosed Documents (Dkt.# 52).

**IT IS FURTHER ORDERED** denying Defendants' Motion in Limine Regarding Plaintiff's Use of Evidence (Dkt.#62).

DATED this 16th day of July, 2009.

_____
Mary H. Murguia
United States District Judge